1
2
3
4                            UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7    PAWL WASHELESKI,                        Case No.  25-cv-03135-EKL
8                   Plaintiff,
9         v.                                 ORDER SCREENING COMPLAINT,
                                             DENYING MOTION FOR
10   GOLNESA MONAZAMFAR, et al.,             PRELIMINARY INJUNCTION, AND
                                             RESOLVING PENDING MOTIONS
11                 Defendants.
                                             Dkt. Nos. 11, 12, 26, 74, 75, 105, 106, 107
12
13           Self-represented Plaintiff Pawl Washeleski filed this action and an application to proceed
14   *in forma pauperis*.  *See* ECF No. 1 ("Complaint"), No. 2 ("IFP Application").  The Court granted
15   Washeleski's IFP Application.  ECF No. 104.  In this Order, the Court screens the complaint and
16   finds that it must be dismissed.  This Order also resolves all pending motions in this case.
17   I.      BACKGROUND
18           This case arises out of Washeleski's child custody matter in Santa Clara County Family
19   Court.  Compl. at 130.[1]  Washeleski alleges that Defendant Brooke Blecher – the state court judge
20   who presided over that matter – engaged in judicial misconduct.  *Id*. at 120, 183-255.  Washeleski
21   alleges that Judge Blecher made "biased rulings," committed various evidentiary errors, and
22   conspired and colluded with Defendant Golnesa Monazamfar, a private attorney who represented
23   Washeleski's former partner in the custody matter.  *See id*. at 33, 36.  Washeleski further alleges
24   that Monazamfar committed "perjury, forgery, mail fraud, obstruction of justice," and other
25   misconduct during the course of the state court proceedings.  *Id*. at 33.  Washeleski claims that
26
27   _____
     [1] Because some of Washeleski's filings contain a combination of separate documents with
28   inconsistent page-numbering conventions, the Court cites to the page numbers applied by the
     Electronic Case Filing system for consistency.

United States District Court
Northern District of California

1    Defendant Stephanie Finelli – also a private attorney – knew of this alleged misconduct but failed

2    to intervene.  *See id.* at 35.[2]  Finally, Washeleski asserts that the Campbell Police Department,

3    Santa Clara Police Department, and Santa Clara County Sheriff's Office ("Police Defendants")

4    enforced "fraudulent court orders" and "block[ed] police reports" that Washeleski attempted to

5    file.  *See id.* at 28, 36; *see also* ECF No. 13.

6        Based on the Court's review, it appears that Washeleski asserts violations of 18 U.S.C.

7    § 1962 ("RICO Claim"); 42.U.S.C. §§ 1983 and 1985(3) ("Civil Rights Claims"); and the

8    Americans with Disabilities Act ("ADA Claim").  It appears that these claims are asserted against

9    all Defendants.

10   **II.    THE COMPLAINT IS DEFICIENT**

11       Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in*

12   *forma pauperis.*  The Court must identify any cognizable claims, and dismiss claims that are

13   frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief

14   against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v.*

15   *Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

16       For the following reasons, the Court finds that the complaint as a whole is deficient

17   because it does not contain a short and plain statement of Washeleski's claims that gives fair

18   notice to Defendants.  The Court first addresses this threshold issue, then turns to jurisdictional

19   issues, and finally addresses specific deficiencies with respect to each of Washeleski's claims.

20       **A.    The Complaint Does Not Comply With Rule 8**

21       Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim

22   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To comply with Rule 8, the

23   complaint must give "fair notice" and state the elements of the claim "plainly and succinctly."

24   *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotation omitted); *see also*

25   *Park v. Lehman Bros. Bank, FSB*, 694 F. App'x 602, 603 (9th Cir. 2017).  A complaint that is

26   "needlessly long" or "highly repetitive, or confused" does not comply with Rule 8.  *Cafasso v.*

27

28   _____

[2] Finelli's role in the state court proceedings, if any, is unclear.

United States District Court
Northern District of California

1   *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

2        Here, the document that Washeleski designated as his complaint does not comply with

3   Rule 8.  The document spans approximately 270 pages.  *See* ECF No. 1.  It combines numerous

4   separate files, including letters directed to the United Nations Human Rights Council, the U.S.

5   Department of Education, the U.S. Department of Health and Human Services, the State Bar of

6   California, police departments, and state courts.  *Id.* at 21-64.  The complaint also contains a 72-

7   page list of 518 purported violations allegedly committed by Judge Blecher and Monazamfar in

8   the state court proceedings.  *Id.* at 183-255.  Additionally, Washeleski has filed numerous other

9   documents purporting to supplement the original complaint.  *See, e.g.*, ECF Nos. 13, 14, 16, 21.

10  These numerous and extensive filings do not contain "a short and plain statement" of

11  Washeleski's claims.  Fed. R. Civ. P. 8(a)(2).  Accordingly, the complaint is dismissed for failure

12  to comply with Rule 8.

13       **B.      The Court Lacks Subject Matter Jurisdiction**

14       At its core, the complaint challenges rulings made by Judge Blecher in Washeleski's state

15  court custody matter.  The Court lacks subject matter jurisdiction to hear claims based on Judge

16  Blecher's judicial conduct in light of the *Rooker-Feldman* doctrine and the doctrine of sovereign

17  immunity.

18       First, the *Rooker-Feldman* doctrine precludes federal courts from exercising "jurisdiction

19  to hear de facto appeals from state court judgments."  *Carmona v. Carmona*, 603 F.3d 1041, 1050

20  (9th Cir. 2010).  A suit brought in federal district court is a "de facto" appeal when a party

21  contends a state court's decision was erroneous and seeks federal relief from the state court

22  judgment.  *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1140 (9th Cir. 2004).  District courts "must

23  also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue

24  resolved by the state court."  *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).  A claim is

25  inextricably intertwined with a state court judgment if "the federal claim succeeds only to the

26  extent that the state court wrongly decided the issues before it," or if "the relief requested in the

27  federal action would effectively reverse the state court decision or void its ruling."  *Fontana*

28  *Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citations omitted).

United States District Court
Northern District of California

1   Here, Washeleski alleges that Judge Blecher made "biased rulings" and deprived him of

2   custody rights by denying "court-ordered visitation."  Compl. at 36.  The relief that Washeleski

3   seeks is to nullify the "custody orders, financial penalties, and restraining orders issued by Judge

4   Blecher" in the custody matter.  ECF No. 11.  Hearing these claims against Judge Blecher would

5   require this Court to impermissibly decide whether the state court judgments were erroneous.  *See*

6   *Kougasian*, 359 F.3d at 1140.  Additionally, to the extent Washeleski's claims against the Police

7   Defendants depend on allegations that they enforced erroneous orders by Judge Blecher, such

8   claims are inextricably intertwined with issues decided by Judge Blecher as part of her custody

9   orders.  Accordingly, the Court lacks subject matter jurisdiction to hear claims against Judge

10   Blecher and the Police Defendants that challenge Judge Blecher's rulings in the state court

11   proceedings.  *See McCoy v. Uale*, No. 21-16877, 2022 WL 10382922, at *1 (9th Cir. Oct. 18,

12   2022) (affirming dismissal of claims that sought to vacate a state court order terminating

13   plaintiff's parental rights).

14   Second, the doctrine of sovereign immunity also bars this Court from exercising

15   jurisdiction over the claims against Judge Blecher because Washeleski "impermissibly seeks

16   retrospective relief" in the form of an order staying or vacating the state court judgments.  *Lund v.*

17   *Cowan*, 5 F.4th 964, 969 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022).  "The Eleventh

18   Amendment bars individuals from bringing lawsuits against a state for money damages or other

19   retrospective relief."  *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th

20   Cir. 2016) (cleaned up).  State officials sued in their official capacities are generally entitled to

21   Eleventh Amendment immunity.  *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).  The

22   Eleventh Amendment thus applies to Judge Blecher, who serves as a state court judge and is being

23   sued in her official capacity.  *Munoz v. Super. Ct.*, 91 F.4th 977, 979 (9th Cir. 2024) ("[A]ctions

24   against state courts and state court judges in their judicial capacity are barred by Eleventh

25   Amendment immunity."); *see also Lund*, 5 F.4th at 969.

26   Here, Washeleski is seeking retrospective relief against Judge Blecher because he

27   challenges judgments and other rulings that issued in the state court proceedings.  The Court must

28   dismiss these claims for lack of subject matter jurisdiction.  *Berman v. Brown*, No. 24-787, 2025

United States District Court
Northern District of California

4

1    WL 1778824 (9th Cir. June 27, 2025) (affirming dismissal of claims barred by sovereign

2    immunity).

3    **C.    The RICO Claim Fails**

4    Washeleski alleges that Defendants violated 18 U.S.C. § 1962(c), which makes it unlawful

5    "for any person employed by or associated with any enterprise engaged in, or the activities of

6    which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the

7    conduct of such enterprise's affairs through a pattern of racketeering activity or collection of

8    unlawful debt."  To state a RICO claim, Washeleski must plausibly allege that Defendants

9    participated in "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a

10   pattern (4) of racketeering activity or collection of unlawful debt."  *Eclectic Props. East, LLC, v.*

11   *Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  To satisfy the second element when

12   the enterprise is not a legal entity, Washeleski must allege an association-in-fact enterprise.  *Id.*

13   Such an enterprise "must have at least three structural features:  a purpose, relationships among

14   those associated with the enterprise, and longevity sufficient to permit these associates to pursue

15   the enterprise's purpose."  *Boyle v. United States*, 556 U.S. 938, 946 (2009).

16   Washeleski's RICO claim fails against all Defendants because he does not plausibly allege

17   an association-in-fact enterprise.  Critically, the complaint "does not allege how Defendants

18   associated together for a common purpose."  *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir.

19   2015).  The complaint asserts that Judge Blecher "work[ed] in tandem" and colluded with

20   Monazamfar, and "active[ly] participat[ed] in conspiracy to commit fraud upon the court."

21   Compl. at 6, 36.  These conclusory allegations are insufficient.  *See Bell Atl. Corp. v. Twombly*,

22   550 U.S. 544, 555 (holding that "labels and conclusions" are insufficient to state a claim).  The

23   complaint charges Finelli with "knowledge of procedural violations, denial of due process,

24   obstruction, and deprivation of rights," *id*. at 35, but does not allege Finelli's relationship to any of

25   the other Defendants, or that she shared a common purpose with them.  Finally, as to the Police

26   Defendants, Washeleski alleges only that they enforced unspecified court orders and failed to take

27   his police reports.  *Id*. at 28, 62.  Based on these allegations, "it is not clear . . . how [Defendants]

28   functioned together as a continuing unit."  *Doan*, 617 F. App'x at 686.  This deficiency alone

United States District Court
Northern District of California

1    requires dismissal of Washeleski's RICO claim.[3]

2       Washeleski's RICO claim against Judge Blecher fails for the additional reason that judicial

3    immunity bars damages claims.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)

4    ("[G]enerally, a judge is immune from a suit for money damages."); *see also Mindiola v. Arizona*,

5    No. 24-1842, 2025 WL 1983952, at *1 (9th Cir. July 17, 2025) (affirming dismissal of suit for

6    damages arising from state court "decisions regarding discovery, custody, spousal support, and

7    child support as barred by judicial immunity").  Judicial immunity applies here because the

8    conduct that Washeleski challenges – judicial rulings and management of court proceedings – is

9    judicial in nature as it relates directly to the "adjudicative process."  *Meek v. Cnty. of Riverside*,

10    183 F.3d 962, 967 (9th Cir. 1999).

11       Accordingly, Washeleski fails to state a RICO claim against any Defendant.

12       **D.**   **The Civil Rights Claims Fail**

13       Washeleski asserts a claim under 42 U.S.C. § 1983, which provides a cause of action for

14    the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of

15    the United States.  To state a claim under Section 1983, a plaintiff must allege two essential

16    elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

17    and (2) that the alleged violation was committed by a person acting under the color of state law.

18    *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th

19    Cir. 1987).

20       Washeleski fails to state a Section 1983 claim against Monazamfar and Finelli because

21    they are private lawyers.  The Supreme Court has held that "a lawyer representing a client is not,

22    by virtue of being an officer of the court, a state actor 'under color of state law' within the

23    meaning of § 1983."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  Additionally, private

24    persons may be liable for a conspiracy under Section 1983 only if the plaintiff demonstrates "the

25    existence of an agreement or meeting of the minds" to violate constitutional rights.  *Crowe v.*

26

27    [3] To the extent Washeleski intends to assert a RICO conspiracy claim pursuant to 18 U.S.C.
§ 1962(d), that claim necessarily fails along with the underlying § 1962(c) claim.  *Chang v. Noh*,

28    787 F. App'x 466, 467 (9th Cir. 2019) (citing *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)).

United States District Court
Northern District of California

*Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999)).  For the reasons stated above with respect to the RICO Claim, Washeleski fails to plausibly allege any common purpose between Monazamfar or Finelli and any state actor.

Washeleski's Section 1983 claim also fails against Judge Blecher because he seeks injunctive relief, which is not available.  Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Washeleski does not allege that his Section 1983 claim is based on a declaratory decree, nor does he allege that declaratory relief was unavailable.  *Miroyan v. Manley*, No. 16-cv-00958-JCS (PR), 2016 WL 2606727, at *2 (N.D. Cal. May 6, 2016) (dismissing Section 1983 claim because the complaint did not support an inference "that a declaratory decree was violated, or that declaratory relief was unavailable").  Thus, Judge Blecher is immune from Washeleski's injunctive relief claim.

Washeleski's Section 1983 claim against the Police Defendants fails because it rests primarily on their alleged enforcement of unspecified court orders.  Generally, "public officials who ministerially enforce facially valid court orders are entitled to absolute immunity." *Engebretson v. Mahoney*, 724 F.3d 1034, 1038 (9th Cir. 2013).  There are no allegations that the Police Defendants lacked the authority to enforce Judge Blecher's orders, or that they engaged in conduct that was not prescribed by such orders.  *See id*. at 1041.  To the extent Washeleski claims that the Police Defendants refused to take reports or act on claims that he asserted against third parties, Washeleski has not plausibly alleged an official policy or custom as required for municipal liability.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Finally, Washeleski also asserts a claim under 42 U.S.C. § 1985(3), which provides a cause of action against conspiracies to deprive "equal protection of the laws."  Among other elements, a Section 1985(3) claim requires a conspiracy and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."  *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v.*

*Breckenridge*, 403 U.S. 88, 102 (1971)).  Here, Washeleski fails to plausibly allege a conspiracy for the reasons stated above, and he also fails to allege any racial or other class-based discriminatory animus.  Given these pleading deficiencies, and the lack of a plausible Section 1983 claim, the Section 1985(3) claim must be dismissed as well.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").

### E.     The ADA Claim Fails

Washeleski's ADA Claim is also deficient.  To establish a violation of Title II of the ADA, Washeleski must allege that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  First, Judge Blecher may not be held liable for violations of Title II of the ADA in her individual capacity.  *Ervin v. Jud. Council of Cal.*, 307 F. App'x 104, 105 (9th Cir. 2009) (affirming dismissal of ADA claims against "state court judges because, as individuals, they were not liable under the ADA").  Monazamfar and Finelli also cannot be liable for ADA violations because they are individuals.  *Constantin v. Navarrete*, 22-cv-07075-VKD, 2023 WL 5725527, at *6 (N.D. Cal. Sep. 5, 2023).  Second, judicial immunity bars the ADA claim against Judge Blecher in her official capacity.  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).  Washeleski appears to allege that Judge Blecher violated the ADA based on certain rulings and decisions to manage in-court proceedings. *See, e.g.*, Compl. at 183-184, 187-188, 198-200, 205.  "Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session.  Judge [Blecher] is therefore entitled to absolute judicial immunity."  *Duvall*, 260 F.3d at 1133.  Finally, the Court has not identified any relevant allegations to support the ADA Claim against the Police Defendants.

***

For the foregoing reasons, Washeleski has not stated any viable claim against any Defendant.  The complaint must be dismissed in its entirety.

United States District Court
Northern District of California

### III.     THE COURT GRANTS LEAVE TO AMEND THE COMPLAINT

Because this is the Court's first ruling on the legal sufficiency of Washeleski's claims, and because he is self-represented, the Court GRANTS leave to amend the complaint. However, Washeleski is advised that the Court may dismiss the complaint without granting further leave to amend if Washeleski fails to plausibly allege a claim in his amended complaint. Washeleski is also advised that, although the Court considered his numerous, separate filings in screening the complaint, any amended complaint must be filed as *one* document that contains all relevant allegations and clearly identifies each claim asserted against each Defendant, the relevant legal theory, and the relief sought. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996). Finally, to the extent the amended complaint refers to Washeleski's minor children, any such references must use the minor's initials instead of their full names to protect their privacy. *See* Fed. R. Civ. P. 5.2.

The Court also advises Washeleski that the District Court has a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants (https://cand.uscourts.gov/pro-se-handbook/), which provides instructions on how to proceed with a civil case. Washeleski can access the guide, and additional resources for *pro se* litigants, on the Northern District Court's website (https://cand.uscourts.gov/pro-se-litigants/).

### IV.     THE PRELIMINARY INJUNCTION MOTION IS DENIED

Washeleski seeks "immediate injunctive relief to halt the enforcement of" various "custody orders, financial penalties, and restraining orders issued by Judge Blecher" in Washeleski's state court proceedings. ECF No. 11; *see also* ECF No. 12 (requesting a stay of enforcement of state court orders).[4] The motion must be denied for four reasons.

First, the Court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Washeleski has not filed any proof that notice of the motion was provided to any Defendant. Thus, the motion is improper.

---

[4] Washeleski filed a motion for preliminary injunction, ECF No. 11, and a motion to stay enforcement of certain state court orders, ECF No. 12. Because these filings seek overlapping relief, the Court refers to them collectively as Washeleski's motion for preliminary injunction.

1    Second, Section 1983 prohibits federal courts from issuing injunctions against judicial

2    officers, absent circumstances that are not present here.  Therefore, the Court lacks the authority to

3    issue the requested injunction.  *Munoz v. Super. Ct.*, 91 F.4th 977, 981 (9th Cir. 2024).

4    Third, the *Rooker-Feldman* doctrine prohibits federal courts from awarding relief in *de*

5    *facto* appeals of state court judgments.  *See Noel*, 341 F.3d at 1163-64.  Yet that is precisely the

6    relief that Washeleski seeks here in the form of an injunction to nullify custody and restraining

7    orders that issued in his state court proceedings.

8    Fourth, Washeleski has not satisfied the standard for obtaining the "extraordinary remedy"

9    of a preliminary injunction.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Among

10    other elements, Washeleski must establish that he is likely to succeed on the merits.  *Id.* at 20.

11    Alternatively, he must raise "serious questions going to the merits" of his claim and show that "the

12    balance of hardships tips sharply in [the movant's] favor."  *All. for the Wild Rockies v. Cottrell*,

13    632 F.3d 1127, 1131 (9th Cir. 2011).  To raise serious questions, the movant's claim must be more

14    than just "plausible."  *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th

15    Cir. 2022).  Here, for the reasons discussed above, Washeleski has not alleged a plausible claim.

16    Therefore, by definition, Washeleski has not raised serious questions going to the merits of his

17    claim, and he has not demonstrated a likelihood of success.  Because this element is lacking,

18    Washeleski is not entitled to a preliminary injunction.

19    For these reasons, the motion for a preliminary injunction is DENIED.

20    **V.    THE MOTIONS FOR RULE 11 SANCTIONS ARE DENIED**

21    Washeleski filed two motions for Rule 11 sanctions against Defendant Monazamfar.  ECF

22    Nos. 74, 75.  Federal Rule of Civil Procedure 11(b) provides in relevant part that:

23    > By presenting to the court a pleading, written motion, or other paper . . . an attorney
24    > or unrepresented party certifies that to the best of the person's knowledge,
    > information, and belief, formed after an inquiry reasonable under the circumstances
25    > . . . . (3) the factual contentions have evidentiary support or, if specifically so
    > identified, will likely have evidentiary support after a reasonable opportunity for
26    > further investigation or discovery.

27    If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate

28    sanction on any attorney, law firm, or party that violated the rule or is responsible for the

1    violation." Fed. R. Civ. P. 11(c)(1).

2            The motions must be denied for two separate reasons. First, before filing a motion for

3    sanctions, the moving party must comply with Rule 11's safe harbor provision by serving the

4    motion on the opposing party at least 21 days before filing it with the court. *Winterrowd v. Am.*

5    *Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009); *see also Barber v. Miller*, 146 F.3d 707,

6    710 (9th Cir. 1998) (holding that actual service is required; an "informal warning" is insufficient).

7    One purpose of this requirement is to provide the opposing party "an adequate opportunity to cure

8    the alleged deficiencies." *Holgate v. Baldwin*, 425 F.3d 671, 679 (9th Cir. 2005); *see also* Fed. R.

9    Civ. P. 11(c)(2). Washeleski has not submitted any evidence that he complied with Rule 11's safe

10   harbor provision, which "precludes an award of Rule 11 sanctions." *Winterrowd*, 556 F.3d at 826;

11   *see also Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1176-78 (N.D. Cal. 2013).

12           Second, Washeleski seeks sanctions for alleged conduct that falls outside the scope of Rule

13   11. Specifically, Washeleski contends that Monazamfar submitted false declarations and other

14   documents in prior state court proceedings. *See* ECF Nos. 74, 75. But "behavior in prior

15   proceedings do[es] not fall within the ambit of Rule 11." *Christian v. Mattel, Inc.*, 286 F.3d 1118,

16   1131 (9th Cir. 2002). Instead, "Rule 11 sanctions are limited to misconduct regarding signed

17   pleadings, motions, and other filings" in *this* case, *id.*, and Monazamfar has not appeared in this

18   case nor filed anything with this Court.

19           Accordingly, the motions for sanctions are DENIED for failure to comply with Rule 11's

20   safe harbor provision, and because the motions relate to alleged conduct that is not actionable

21   under Rule 11.

22   **VI.    THE MOTIONS FOR DISCOVERY ARE DENIED**

23           Washeleski filed a motion for an order "authorizing limited early discovery and compelling

24   the immediate preservation of all relevant evidence." ECF No. 105 at 1. Washeleski also seeks

25   permission to "serve narrowly tailored Rule 34 requests or subpoenas." *Id.* at 2. For the following

26   reasons, the motion is DENIED.

27           Generally, "[a] party may not seek discovery from any source before the parties have

28   conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under

United States District Court
Northern District of California

11

1    Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R.

2    Civ. P. 26(d)(1).  "In the Ninth Circuit, courts use the 'good cause' standard to determine whether

3    discovery should be allowed to proceed prior to a Rule 26(f) conference."  *Rovio Ent. Ltd. v. Royal*

4    *Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).  To determine whether there is

5    good cause for expedited discovery, courts typically consider:  "(1) whether a preliminary

6    injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the

7    expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far

8    in advance of the typical discovery process the request was made."  *Id*.  The party seeking

9    expedited discovery bears the burden of demonstrating good cause.  *Id.*; *see also Apple Inc. v.*

10    *Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).  When a complaint "fail[s] to

11    satisfy Rule 8's plausibility standard," the district court lacks "discretion to permit discovery" on

12    the dismissed claims.  *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014).

13          As a threshold matter, the Court lacks discretion to permit early discovery because

14    Washeleski's claims have been dismissed for the reasons discussed above.  *See id.*  However, even

15    if the Court could permit early discovery, Washeleski has not shown good cause.  First, the reason

16    for early discovery is to prevent loss or destruction of evidence, *see* ECF No. 105 at 1, but

17    Washeleski "has not established that Defendants are predisposed to destroy or hide evidence,"

18    *Rovio*, 907 F. Supp. 2d at 1100.  Second, the scope of the requested discovery is broad and

19    unclear, and the corresponding burden on Defendants would be substantial.  Washeleski requests

20    an order instructing all Defendants to preserve evidence relating to his unspecified "civil-rights

21    complaints," and seeks leave to serve unspecified discovery requests as well as "subpoenas" to

22    unidentified third parties.  ECF No. 105.  The Court cannot determine whether these requests are

23    narrowly tailored, *Rovio*, 907 F. Supp. 2d at 1100, and in any event, the burden on both

24    Defendants and any third parties would be undue given the Court's determination that Washeleski

25    has not stated a plausible claim.  Third, although Washeleski filed a motion for a preliminary

26    injunction, that factor does not support good cause because the Court has denied the motion based

27    on legal deficiencies of Washeleski's claims.  Accordingly, Washeleski's request for discovery is

28    DENIED.

United States District Court
Northern District of California

1    **VII.    THE MOTION TO APPOINT COUNSEL IS DENIED**

2            Washeleski filed a motion seeking appointment of counsel because he is pursuing

3    "complex, multi-party civil-rights actions," and counsel is "necessary to ensure meaningful access

4    to justice and effective presentation of the claims."  ECF No. 106 at 1.  Washeleski notes that,

5    under 28 U.S.C. § 1915(e)(1), appointment of counsel is appropriate where the plaintiff has

6    "demonstrated a likelihood of success on the merits" and either the case is complex or the plaintiff

7    is unable to represent himself effectively.  *Id.*

8            Generally, the Supreme Court has not recognized a constitutional right to counsel in a civil

9    case – except where an indigent litigant may lose his physical liberty if he loses the litigation.  *See*

10    *Turner v. Rogers*, 564 U.S. 431, 442-49 (2011); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S.

11    18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no

12    right to counsel in civil actions.").  However, a court "may request an attorney to represent any

13    person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointing counsel is discretionary

14    and is granted only in "exceptional circumstances."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

15    (9th Cir. 1986).  A finding of exceptional circumstances requires "an evaluation of the likelihood

16    of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his

17    claims" without counsel in light of the complexity of the legal issues involved.  *Agyeman v. Corr.*

18    *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

19            Here, there are no exceptional circumstances that warrant appointment of counsel at this

20    time.  As discussed above, Washeleski has not demonstrated a likelihood that he will succeed on

21    the merits of his case.  *See, e.g., Koch v. City of Santa Cruz*, No. 24-cv-07684-HSG, 2025 WL

22    215567, at *4 (N.D. Cal. Jan. 16, 2025) (denying motion to appoint counsel on this basis).

23    Additionally, the Court does not find that the issues in this case are complex, or that Washeleski is

24    unable to articulate his claims.  Although Washeleski has failed to plausibly state a claim for the

25    reasons discussed above, this failure is a result of the legal deficiencies of his claims, and not due

26    to his lack of counsel or the complexity of the issues involved.  Accordingly, the Court DENIES

27    the motion to appoint counsel without prejudice to the Court *sua sponte* appointing counsel in the

28    future if appropriate under the circumstances.

United States District Court
Northern District of California

13

**VIII.  PLAINTIFF'S REQUESTS FOR ACCOMMODATION**

Finally, Washeleski has filed requests for disability accommodations under the Americans with Disabilities Act.  *See* ECF Nos. 3, 26, 94.  The Court directs Washeleski to the District Court's webpage, which can be accessed at the following web address: https://cand.uscourts.gov/about-court/locations-hours/visitors-disabilities-special-needs.  As the website notes, "[a]lthough the United States Courts are not subject to the Americans with Disabilities Act (ADA), it is the Court's policy to remove disability-related barriers to court services by providing reasonable accommodations."  *Id.*  The webpage provides an overview of available services and provides the following email address for users to submit questions that are not answered on the webpage:  accommodations@cand.uscourts.gov.  Washeleski may contact this email account to submit specific requests as necessary.

**IX.  CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1.    The Court DISMISSES the complaint with leave to amend.  Washeleski shall file any amended complaint by January 16, 2026.  If the amended complaint does not cure the deficiencies discussed in this Order, the Court may dismiss the complaint without leave to amend.

2.    Service by the United States Marshals Service of the complaint or any other papers filed in this action is SUSPENDED until further order of this Court finding that Washeleski has plausibly stated a claim for relief.

3.    The Court DENIES all other pending motions for the reasons stated above.  The motion to file a supplemental declaration, ECF No. 107, is DENIED, but Washeleski may include the facts in the proposed declaration in an amended complaint to the extent relevant to this case.

4.    The case management conference scheduled for December 17, 2025, is VACATED and may be rescheduled as appropriate pending the Court's screening of an amended complaint.

**IT IS SO ORDERED.**

Dated: December 8, 2025

Eumi K. Lee
United States District Judge

14